# COMMON PLEAS

---

HUNTIGNTON, Guard. v. GLOBE INDEMNITY CO.

Franklin Common Pleas Court. No. 102141.

Decided Oct. 14, 1927.

**First Publication of this Opinion.**

Syllabus by the Court.

1139. SURETY BONDS—593. Guardian and Ward—

1. Probate Court has power to demand conditions in bond beyond requirements of Statute when it deems same necessary for safety of ward's estate.

2. Condition in bond cannot be limited by terms of statute under which it is given.

3. Where, in proceedings to sell real estate, guardian gives additional general bond, amount recoverable not fixed by sum realized from sale.

(Continued on Page 100)

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday        50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in Advance ..................................... $15.00

Discount for advance payment $3.00, making the net price ..................................... 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end·of year, if paid in advance, net...................... 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ........................... .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning......................Business Director

Sheldon R. Laning..................Editorial Director

---

### THE LAW OF NEGLIGENCE.

We have received a copy of a book called "Questions and Answers on the Law of Negligence," by David F. Anderson, of the Cleveland Bar, chairman of the Legal Educational Program Committee of The Cuyahoga County Bar Association, being a talk delivered by him on March 19, 1927, before the Association, which now issues it in book form. It covers every phase of the law of negligence. It is a highly educational work and should be in the possession of every Ohio lawyer. Mr. Anderson's experience in negligence trials, and his recognized ability at the bar, makes him a master of the subject, and he presents it in a very interesting manner.

The Association will send a copy of the book to any lawyer in the state upon receipt of $1.00. Address J. B. Dworken, Vice President of the Bar Association, 1423 Schofield Building, Cleveland, O.

(Continued from Page 99)

4. A reinvestment of proceeds of sale of real estate under order of Court does not relieve surety if fund is not finally accounted for and paid over to proper person. (Sec. 10933 GC.)

Heard of Demurrer.

Demurrer sustained.

Frank M. Raymund and Hugh Huntington, Columbus, for Huntington.

Vorys, Sater, Seymour & Pease, Columbus, for Globe Indemnity Co.

STATEMENT OF FACTS.

Josephine Howard was appointed guardian of the estate of Charles E. Kinkade, a minor. She gave a general guardian's bond with the defendant, the Globe Indemnity Co., as surety in the sum of $3,000. Later she filed a petition in the Probate Court for selling real estate owned by the ward. At that time, an additional bond was filed in the Probate Court in the sum of $4,200 with herself as principal and the Globe Indemnity Co. as surety. This additional bond was in compliance with an order of·the court, as recited in the bond. This bond was conditioned: "That if the said Josephine Howard shall faithfully discharge all of her duties as such guardian, as required by law, then this obligation to be void; otherwise to remain in full force."

The real estate was sold, the sale was confirmed and the deed executed and delivered.

It is alleged that, following said sale, large sums of money were received by Josephine Howard from the sale of real estate, and otherwise, while acting as guardian; that she embezzled and converted to her own use the sum of $5,722.23 and has failed and refused properly to account for and turn over said sum to her successor. That upon exceptions to her account filed by her surety the court held the sum of $5,722.23 and interest was due the ward from the guardian*; that said guardian has failed to comply with conditions of the bond, and failed faithfully to discharge her duties as guardian, that therefore the conditions of the bond have become absolute. This action is brought to enforce the obligation of the surety.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

KING, J.

The defendant, in its first defense to second cause of action, in substance, alleges and claims that the bond executed on the 29th of May, 1922, being the additional bond required by court, was given under authority of 10950 GC. the provisions of which regulate the proceedings for sale of real estate by guardians; that the terms and conditions set forth in the said statute, to-wit: "Conditioned for the faithful discharge of his duties and the payment of and accounting for all monies arising from such sale" are conditions which the Court shall read into the bond given on the 29th, that, therefore, the liability of the Surety Co. on said bond is limited to a faithful discharge of her duties, and accounting only for the proceeds, with reference to the sale of real estate, that the guardian reinvested the proceeds in other real estate and thereby fulfilled her duties. In second defense, the Surety claims that, in any event, it is liable only for the proceeds of the sale, to-wit, $2,100.

The condition of the bond usually given in the sale of real estate, pursuant to 10950 GC.,

it as follows: to-wit:

"Now therefore, if the said —————— shall faithfully discharge his duties, as guardian as aforesaid, and shall faithfully, and according to law, pay over and account for all the monies arising from such sale, then this obligation to be void, otherwise to remain in full force."

But the terms and conditions of the bond actually given are quite different. The conditions of the bond executed by order of court, on the 29th of May, are as follows: to-wit:

"Now, if said Josephine H. Howard shall faithfully discharge all of her duties, as such guardian, as is required by law, this obligation to be void, otherwise to remain in full force."

In this connection the law prescribing the duties of Guardians, provides:

"At the expiration of his trust fully to account, for and pay over, to the proper person, all the estate of the minor in his hands." GC. 10933.

There is nothing upon the face of the bond, in the recitals or elsewhere, to indicate that said bond was to be limited in its application to the real estate transaction. The terms and conditions thereof are terms and conditions of general guardian bonds.

Counsel for defendant contend that, notwithstanding the effect of the terms and conditions stipulated and agreed upon, the meaning is to be interpreted by the provisions of 10950 GC. that it to say, although the bond given is, in effect, a general guardian's bond by virtue of 10950 GC. the liability thereon is limited to accounting faithfully for the proceeds of the sale of real estate. In this we do not concur. The conditions of the bond, if construed as written, afford in the instant case, ample protection to the minor's estate. That is the very purpose of the bond. When the court, in furtherance of that object, requires such a bond, the provisions of the statute should not be interpreted to defeat that purpose.

It is true that the conditions imposed by the bond are broader than the statute. However, they were agreed to by the Surety Co., and a consideration paid. To permit the defendant to avoid the obligation of such conditions by such an interpretation of 10950 GC. as is urged would violate the terms and conditions and the very purpose of the bond as well as the object sought by the legislature in such enactment, namely, the preservation of the ward's estate.

Let the demurrer to the first and second defenses of the second amended answer be sustained.

*Note: See Kinkade's Trusteeship, 23 Oh. Ap. 274; 5 Abs. 339.